IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Pollock G. Rush (#2014-0802163), | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 15 C 3011 |
| | ) | |
| v. | ) | |
| | ) | Judge Matthew F. Kennelly |
| Chicago Police Department, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

      The Court grants Plaintiff's application to proceed *in forma pauperis* [#3] and orders the trust fund officer at Plaintiff's current place of incarceration to deduct $24.36 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee and to continue making monthly deductions as directed in this order. For the reasons stated below, the Clerk is directed to enter judgment dismissing this action. This dismissal counts as one of Plaintiff's three allotted dismissals under 42 U.S.C. § 1915(g). The Clerk is directed to send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Department of Corrections Administrative Office, Division V, 2700 South California, Chicago, Illinois 60608.

## STATEMENT

      Plaintiff Pollock Rush, a detainee at the Cook County Department of Corrections, filed this *pro se* lawsuit under 42 U.S.C. § 1983 against the Chicago Police Department. Rush alleges that on July 30, 2014, he was arrested by Chicago police officers who took his two cell phones, wallet, earrings, watch, and photographs of his children. The officers told Rush that they would inventory his belongings and that he could pick them up after his release from custody and that the items would remain in police custody until 90 days after the charges against him were resolved. Rush's attorney subsequently subpoenaed the two cell phones for use during Rush's criminal trial but was told that the police department no longer had any of Rush's property. Rush requests that this Court order the Chicago Police Department to pay $5,000.00 plus fees and costs for the loss of his property, "especially for the pictures of my kids."

      The Court grants Rush's application to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), Rush is assessed an initial partial filing fee of $24.36. The trust fund officer at Rush's current place of incarceration is authorized and ordered to collect, when funds exist, the initial partial filing fee from Rush's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Rush's place of confinement is directed to collect monthly payments from Rush's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from

Rush's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Rush's name and the case number assigned to this action. The trust account officer shall notify transferee authorities of any outstanding balance in the event Rush is transferred to another correctional facility. This payment obligation will follow Rush wherever he may be transferred.

The Court has reviewed Rush's complaint as required by 28 U.S.C. § 1915A. Rush's complaint suffers from two flaws. The first is curable. Rush has sued only the Chicago Police Department, which is a non-suable entity. *See Chan v. Wodnicki*, 123 F.3d 1005, 1007 (7th Cir. 1997). The second defect, however, is not curable. A deprivation of personal property caused by the unauthorized conduct of a government actor does not give rise to a claim for violation of federal constitutional rights, whether the deprivation is negligent or intentional, so long as the state courts provide an adequate post-deprivation remedy. *Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533-34 (1984); *Gable v. City of Chicago*, 296 F.3d 531, 539-41 (7th Cir. 2002). In Illinois, there is a state law remedy, namely a common law tort claim for conversion or replevin. *Tucker v. Williams,* 682 F.3d 654, 661 (7th Cir. 2012). Thus Rush has no viable federal claim; if he wants to sue, he must do so in state court.

Accordingly, the Court directs the Clerk to enter judgment dismissing Rush's complaint for failure to state a claim. The Court notes that this is without prejudice to Rush bringing a state law claim in state court. The dismissal of this case, however, counts as a "strike" under 28 U.S.C. § 1915(g). If Rush accumulates three dismissals under § 1915(g), he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury.

If Rush wishes to appeal this dismissal, he may file a notice of appeal in this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). The Court advises Rush that, if he chooses to appeal, he will be responsible for paying the $505 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Ill. Dep't of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Rush may accumulate another strike under 28 U.S.C. § 1915(g).

Date: April 27, 2015

_____
MATTHEW F. KENNELLY
United States District Judge